[Cited, *Holland v. Lowe,* 101 Ky. 98, 19 Ky. L. 97, 39 S. W. 834, 41 S. W. 9.]

---

## B. E. TERRY *v.* ANN T. HILL, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—688.]

### Husband and Wife.

When a husband acting as agent of his wife invests her money in real estate, but without her knowledge or permission takes the title in the name of their daughter, reserving life estate for himself and wife therein, and no rights of creditors are involved, it is not too late for the wife to sue to set aside such deed and have the title conveyed to her, even when the action is brought nearly twelve years after she discovers the fact that the title was not conveyed to her.

APPEAL FROM BARREN CIRCUIT COURT.

February 9, 1884.

OPINION BY JUDGE LEWIS:

It is satisfactorily shown that the land in controversy was wholly paid for with money which was the proceeds of property derived by appellant from her first husband's estate, and which by the terms of the antenuptial contract entered into between her and her second husband, J. R. Terry, was set apart for her sole use and benefit to dispose of as she might think proper, and not be liable for the payment of his debts.

It is alleged in the petition, and as the record stands appears to us to be established by the evidence, that J. R. Terry, who under that contract was constituted agent to transact appellant's business, promised and agreed to cause the vendors, Bratton and wife, to execute a deed conveying the fee simple title in the land to her, but that he without her knowledge or consent fraudulently procured it to be so made as to convey the land to their only daughter, appellee, Ann T. Hill, then Ann T. Terry, reserving to himself and appellant merely a life estate therein.

The deed was made in 1868, and this action to cancel it and divest appellee, Ann T. Hill, of title in the land was not brought until 1880, the husband, J. R. Terry, having died about 1877. The only question therefore is whether appellant, who discovered the character of the deed about three months after it was made and recorded, has by remaining passive such a length of time deprived herself of the relief she now seeks. Mere passiveness, unless others have been induced thereby to alter their condition or expend their means, is not sufficient to deprive a party of the right to relief. The deed to appellee, Ann T. Hill, was without valuable consideration, and to now divest her of title would be simply recovering land that never rightfully belonged to her and for which she has never paid anything.

Appellees assign for cross-petition the order of court overruling their notice for a continuance of the action. It does not appear what was the character of the evidence contained in the depositions which were suppressed. But as the judgment dismissing appellant's petition must be *reversed* upon the return of the cause each party

should be allowed a reasonable opportunity to take such other or further proof as they may think proper.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Jones & Cockrill, E. W. Hines, for appellant.*

*J. J. C. Eubank, for appellees.*